IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, ) | CR   05-0514-PHX-SMM |
| ) | CIV 06-1187-PHX-SMM (DKD) |
| Plaintiff/Respondent, ) | |
| ) | **REPORT AND RECOMMENDATION** |
| vs. ) | |
| ) | |
| Jesus Santacruz-Hernandez, ) | |
| ) | |
| Defendant/Movant. ) | |
| ) | |

TO THE HONORABLE STEPHEN M. MCNAMEE, U.S. DISTRICT JUDGE:

      Jesus Santacruz-Hernandez filed a timely Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255, alleging he was denied the effective assistance of counsel at sentencing. Santacruz-Hernandez pleaded guilty pursuant to a written plea agreement to one count of Illegal Re-entry After Deportation, in violation of 8 U.S.C. § 1326(a), enhanced by 1326 (b)(2), and was sentenced to a term of 37 months. In his motion, he requests that his sentence be modified, contending that he is entitled to downward departures for fast track, early disposition, and as a deportable alien. Because the Court finds that Santacruz-Hernandez waived his right to collateral attack, it recommends that the motion be denied.

      The plea agreement contained the following pertinent language:

> The defendant waives any and all motions, defenses, probable cause determinations, and objections which the defendant could assert to the information or indictment or to the court's entry of judgment against the defendant and imposition of sentence upon the defendant, provided that the sentence is consistent with this agreement. The defendant further waives: (1)

>any right to appeal the court's entry of judgment against defendant; (2) any right to appeal the imposition of sentence upon defendant under Title 18, United States Code, Section 3742 (sentence appeals); and (3) *any right to collaterally attack defendant's conviction and sentence under Title 28, United States Code, Section 2255, or any other collateral attack.*

(Doc. #12 at 5) (emphasis added)

Courts will generally enforce the plain language of a plea agreement if it is clear and unambiguous on its face, *United States v. Nunez*, 223 F.3d 956, 958 (9th Cir. 2000), and the waiver is knowingly and voluntarily made. *United States v. Joyce*, 357 F.3d 921, 922 (9th Cir. 2004). However, "a plea agreement does not waive the right to bring a § 2255 motion unless it does so expressly." *United States v. Pruitt*, 32 F.3d 431, 433 (9th Cir. 1994). The Court finds that Santacruz-Hernandez expressly waived his right to file a § 2255 motion as part of his plea agreement. However, the Ninth Circuit has expressed doubt that a defendant, by entering into a plea agreement, could waive certain claims of ineffective assistance of counsel brought pursuant to a § 2255 motion, notwithstanding an express plea waiver that covered all of a defendant's waivable statutory rights to file a motion pursuant to § 2255 challenging his conviction or sentence. However, those claims which are not waivable are limited to ones either challenging the knowing and voluntary nature of the plea agreement, or the voluntariness of the waiver itself. *See United States v. Jeronimo*, 398 F.3d 1149, 1156-57 n.4 (9th Cir. 2005), *citing United States v. Pruitt*, 32 F.3d at 433.

Santacruz-Hernandez's essential argument is that he should have received a lesser term of imprisonment. He contends that "defense counsel misrepresented and misadvised the plea to defendant about the condition of his plea bargain" (Doc. #14 at 3). Santacruz-Hernandez asserts that "[i]f counsel had investigate[d] and presented all the above mitigating evidence at the day [of] sentencing to the court, the outcome of defendant's sentence would have been a lower and ultimately a different sentence" (*Id.* at 3-4). He then cites several specific downward departures for which he believes he qualifies: compliance with the requirements of the fast track program, as a result of his status as a deportable alien, and under the early disposition program. Because Santacruz-Hernandez is not challenging the voluntary nature of the plea agreement, or the voluntariness of the waiver itself, but instead is arguing for a

lesser term, the Court finds that his claims of ineffective assistance of counsel have been waived by the explicit terms of the plea agreement..[1]

**IT IS THEREFORE RECOMMENDED** that Jesus Santacruz-Hernandez' Motion to Vacate, Set Aside or Correct Sentence be **DENIED** (Doc. #14).

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See,* 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(e), Federal Rules of Civil Procedure. Thereafter, the parties have ten days within which to file a response to the objections. Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Rule 72, Federal Rules of Civil Procedure.

DATED this 30th day of August, 2006.

David K. Duncan
United States Magistrate Judge

---

[1] The Government has responded to Santacruz-Hernandez's motion, briefly addressing the waiver issue, but also addressing the merits of his motion. The Court declines to discuss the merits because (1) it has determined that Santacruz-Hernandez explicitly waived his right to file the motion, and that his claims do not come within the narrow exceptions to enforcement of the waiver outlined by the Ninth Circuit; and (2) Santacruz-Hernandez cites no facts to support his motion, and after reviewing the motion, the Court is unable to determine what actions he is alleging which resulted in a violation of his constitutional rights. It is clear, however, that he does not allege that the plea was involuntary.